**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3685
_____

NIAJA BROWN,
                                        Appellant

v.

THE CHILDREN'S HOSPITAL OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-02363)
District Judge:  Honorable Nitza I. Quiñones Alejandro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 10, 2019

Before:  AMBRO, GREENAWAY, JR., and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 14, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Niaja Brown appeals the District Court's order dismissing her second amended complaint. For the reasons detailed below, we will affirm the District Court's judgment.

Brown filed a complaint alleging that the Children's Hospital of Philadelphia (CHOP) discriminated against her based on her religion, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, when it terminated her employment. In her operative second amended complaint, she alleged that she had worked for CHOP for 15 years. In 2012, CHOP began to require employees to receive a flu vaccine. Apparently, she complied until 2017, when she decided she "could no longer go against [her] beliefs." ECF No. 16 at 5. She stated that she "did not have a pastor to validate [her] beliefs," and instead, submitted an "advance vaccine directive" prepared by Natural Solutions Foundation that registered her opposition to vaccines. Id. A week later, a manager at CHOP called Brown to ask whether she had received her flu shot. Brown "told her no and asked why [she] was being force[d] to obtain the shot when in former years (10) [she had] proven to remain healthy due to my African Holistic Health lifestyle." Id. at 5–6. CHOP subsequently fired Brown for her failure to comply with its flu-vaccine policy.

CHOP moved to dismiss her second amended complaint. The District Court granted CHOP's motion, concluding that Brown failed to allege sufficient facts to support a prima facie case of religious discrimination. Brown filed a timely notice of

2

appeal, and subsequently moved in the District Court for reconsideration, which was denied by the District Court.

We have jurisdiction under 28 U.S.C. § 1291.[1] We exercise a plenary standard of review. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). In reviewing a dismissal under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

We agree with the District Court's analysis.[2] "Title VII of the 1964 Civil Rights Act requires employers to make reasonable accommodations for their employees' religious beliefs and practices, unless doing so would result in undue hardship to the employer." Shelton v. Univ. of Med. & Dentistry of N.J., 223 F.3d 220, 224 (3d Cir.

---

[1] Brown also filed a motion for reconsideration, which the District Court denied. Because she did not file a timely new or amended notice of appeal encompassing the order denying her motion for reconsideration, we lack jurisdiction to consider that order. See Fed. R. App. P. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253–54 (3d Cir. 2008).

[2] To the extent that Brown sought to plead a claim that CHOP terminated her in violation of the collective bargaining agreement, her conclusory, undeveloped allegations are inadequate to state a claim. See generally Iqbal, 556 U.S. at 678 (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim; neither does "an unadorned, the-defendant-

3

2000) (quotation marks omitted).  To establish a prima facie case for failure to accommodate, a plaintiff must show "(1) she has a sincere religious belief that conflicts with a job requirement; (2) she told the employer about the conflict; and (3) she was disciplined for failing to comply with the conflicting requirement."  Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 319 (3d Cir. 2008).

As we have recently explained, to state a claim under this statute, it is not sufficient merely to hold a "sincere opposition to vaccination"; rather, the individual must show that the "opposition to vaccination is a religious belief."  Fallon v. Mercy Catholic Med. Ctr. of Se. Pa., 877 F.3d 487, 490 (3d Cir. 2017).  In assessing whether beliefs are religious, we consider whether they "'address fundamental and ultimate questions having to do with deep and imponderable matters,' are 'comprehensive in nature,' and are accompanied by 'certain formal and external signs.'"  Id. at 491 (quoting Africa v. Pennsylvania, 662 F.2d 1025, 1032 (3d Cir. 1981)).

Nothing in Brown's second amended complaint suggests that her opposition to the flu vaccine was religious.  At one point, she claimed that the vaccine was unnecessary for her because she scrupulously washed her hands, but any "concern that the flu vaccine may do more harm than good . . . is a medical belief, not a religious one."  Id. at 492.  Likewise, the advance directive that she provided is a medical document without any religious component.  Nor do any of her other allegations tend to show that her belief was

unlawfully-harmed-me accusation").

4

religious.

Accordingly, we will affirm the District Court's judgment.